The crime of horse stealing, under our statutes, includes no lesser offense.

We assume that the judge charged the jury that it was necessary for the state to prove the felonious intent, and we cannot assume that the jury convicted the defendants, or either of them, on evidence which failed to prove the essential criminal intent, especially as the trial judge sanctioned the verdict by overruling defendants' motion for a new trial.

If, as suggested in brief of counsel for defendants, they or either of them have been convicted on insufficient evidence, we are powerless to relieve them, and their remedy is by appeal to the executive department of the government.

It is therefore ordered that the verdict and sentence appealed from be affirmed.

———

(36 South. 817.)

No. 15,054.

BOARD OF COM'RS OF JACKSON SQUARE v. CITY OF NEW ORLEANS.

(June 6, 1904.)

MUNICIPAL CORPORATIONS—PUBLIC SQUARES—CONTROL—APPROPRIATIONS.

1. The General Assembly is without authority to choose officers to administer the affairs of the city of New Orleans, or to control the appropriation of its revenues, and Act No. 37, p. 45, of 1902, by which such authority purports to be exercised, is unconstitutional.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; George H. Théard, Judge.

Action by the board of commissioners of Jackson Square against the city of New Orleans. Judgment for defendant, and plaintiffs appeal. Affirmed.

Bernard Titche, for appellants. Arthur McGuirk, Asst. City Atty., for appellee.

MONROE, J. The plaintiff board alleges that it was created by an ordinance of the municipal council of the city of New Orleans, No. 7,741 A. S., and charged with the administration and beautifying of Jackson Square; that in 1902 the General Assembly passed an act, No. 37, requiring said council to appropriate $2,500 a year for its use, and conferring on it authority to compel such appropriation by mandamus, and that thereafter the council adopted a budget of expenditures, making an appropriation of $2,-500 as required; that the General Assembly thereby ratified the ordinance by which plaintiff was created, and conferred upon it, in its corporate capacity, a right in and to the appropriation so ordered, and that the city of New Orleans "recognized such character and corporate franchise" by making the appropriation as aforesaid; that recently there has been introduced into the said council an ordinance purporting to repeal the ordinance No. 7,741 A. S., and thereby indirectly repeal the said act No. 37, p. 45, of 1902, and the said appropriation of $2,500, as made by the city, and that said ordinance, if passed, will be illegal and void, in that it will devest rights indefeasibly vested in plaintiff; and the petition concludes with a prayer for an injunction to restrain the council from passing, and the mayor from signing, said ordinance. The defendants, having been ordered to show cause why the injunction should not issue, filed an exception of prematurity of action, which was

sustained, and the suit was dismissed by a judgment duly signed January 15, 1903.

Thereafter, upon January 16th, the plaintiff was allowed to file a supplemental petition, in which it alleges the signing of the ordinance by the mayor, and, reiterating the allegations of the original petition, again prays for the injunction. To this there was filed an exception of no cause of action, and, from a judgment maintaining the same and dismissing the suit, the plaintiff has appealed.

The city of New Orleans has no authority to establish a corporation; hence, the plaintiff board acquired no corporate existence by virtue of the ordinance No. 7,741 A. S., and its members acquired no other authority than such as the city, in the exercise of its powers of administration, may voluntarily have conferred upon them, as individuals, with respect to one of its public squares, and that authority the city was at liberty to withdraw at any time, as it was at liberty to withdraw any appropriation which it may have made for the improvement of said square, whether the proceeds thereof were to have been expended by the plaintiff board, the members of the board, or any other agency previously designated for that purpose. It is said, however, that the General Assembly, in requiring the city to appropriate $2,500 annually for the use of the plaintiff board, thereby ratified the ordinance creating it, and established it as a corporation with a vested right to represent the city of New Orleans and to administer that proportion of its revenues.

The title of the act No. 37, p. 45, of 1902, upon which the plaintiff relies, reads, "An act providing for an annual appropriation by the city of New Orleans for the improvement, preservation and maintenance of the Jackson Square in said city," and it would be a farfetched idea to suppose that an act bearing such a title should have for one of its purposes the saddling upon the city of New Orleans, for all time to come, of an agent. originally selected by it, but who may have become, or may hereafter become, unsatisfactory. There is, however, no such purpose disclosed in the body of the act, and if there were, the act would in that respect be unconstitutional, not only because it would have two objects, and because one of the objects does not appear in the title, but also for the same reason that the main provision, requiring the city to expend $2,500 a year upon a particular square, is unconstitutional, to wit, because the Constitution provides that "the electors of the city of New Orleans * * * shall have the right to choose the public officers who shall be charged with the exercise of the police power and with the administration of the affairs of said corporation, in whole or in part," and, for the General Assembly to establish the plaintiff board, charge it with the supervision of Jackson Square, and require the city to furnish it with $2,500 a year from her revenues, would be for that department of the state government to assume and delegate an administration with respect to a matter purely local, which, by the express terms of the Constitution, is vested in officers to be chosen by the electors of the city of New Orleans. These objections are sufficient to justify the judgment appealed from, and the same is accordingly affirmed.